COOK v. STATE.

Opinion delivered November 21, 1910.

CARNAL ABUSE—PROFERT OF INFANT.—In a prosecution for carnal abuse
of a female under 16 years it was not error to permit the prosecutrix
to produce her child before the jury, to testify as to the date of its
birth, and that it was the result of intercourse with defendant.

Appeal from Calhoun Circuit Court; *George W. Hays,*
Judge; affirmed.

*Poole & Whitehead* and *Davis & Pace,* for appellant.

In a prosecution of this kind where the only questions at
issue are the age of the prosecutrix and the fact of the inter-
course, the production of the child of the prosecutrix witness be-
fore the jury is improper. It can serve no purpose except to
prejudice the minds of jurors, and does not tend to corroborate
her testimony, either as to the fact of her intercourse with the
defendant or as to her being under age at the time. 65 S. W.
375; 39 S. W. 684; 72 Ark. 411.

Where incompetent testimony is introduced which has a
tendency to disparage controverting evidence on the part of the
defendant, its admission is prejudicial. 74 Ark. 489; 91 Ark.
560; 67 Ark. 605; 69 Ark. 139; 70 Ark. 308.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,*
Assistant, for appellee.

There was no error in permitting the child of the prosecut-
ing witness to be exhibited to the jury. 84 Ark. 199; 93 Ark.
260.

FRAUENTHAL, J. The defendant, Ben Cook, was adjudged
guilty of the crime of carnal abuse, committed upon the person
of Ruth Strickland, a female under the age of 16 years; and
he has appealed to this court, seeking to obtain a reversal of
the judgment of conviction. The chief ground set out in his
motion for a new trial, and the sole assignment of error pressed
by his counsel upon this appeal, why the judgment should be re-
versed is that the lower court committed error in permitting the
exhibition to the jury of the child that was alleged to have been
conceived from said intercourse. We have examined the record
in this case, and we think that there was sufficient testimony
adduced at the trial to warrant the jury in finding that the de-

fendant had sexual intercourse with the prosecuting witness on divers occasions from December 25, 1907, to May, 1908, and that during all said time the prosecutrix was under the age of 16 years. As a result of said intercourse she testified that a child was born to her on December 8, 1908; and the case was tried in the lower court about 18 months after the birth of the child. At the trial she had the baby in her arms while she was giving her testimony. She testified that the baby was the result of the intercourse with defendant, and gave the date of its birth. The defendant objected to the production of the child before the jury and to her testimony relative to it and its age. Upon her cross examination by defendant's counsel, she was asked relative to the resemblance of the baby to persons other than the defendant, but she was not asked by the State any questions relative to its resemblance to the defendant or any other person. The character and extent of the testimony which by the State was introduced in this case relative to the child were similar to that introduced in the case of *Plunkett* v. *State,* 72 Ark. 409, in which it was ruled that no error was thereby committed by the lower court. In that case, while the prosecuting witness was testifying, she had her baby in her lap, and the defendant asked to exclude the baby from the presence of the jury, which was refused. In that case it was said that the production of the child of the prosecutrix was competent to prove her intercourse with some one; and while it did not rule on the question as to whether or not testimony as to the resemblance of the baby to the defendant was competent, because such testimony was not in the record, and while it made no mention of the fact that the jury by profert of the baby could determine whether or not there was such resemblance, it did hold that the court did not err in permitting it to be exhibited to the jury. In the case at bar the prosecutrix testified that her baby was the result of the intercourse with defendant, but that was in effect the testimony of the prosecutrix in the Plunkett case. In neither case did the witness give testimony tending to show that the defendant was the father of the child by reason of the resemblance of it to the defendant.

We are of the opinion that this assignment of error is ruled by the Plunkett case; and the court did not commit error in permitting the production of the child before the jury or

in permitting the witness to testify as to the date of its birth, and that it was the result of the intercourse with defendant. We do not think it therefore necessary to pass upon the question as to whether or not it was competent to introduce testimony of witnesses as to the resemblance of the baby to the defendant or to comment upon such resemblance.

It has been held by this court that in a bastardy case it was not error to permit the child to be exhibited to the jury. *Land* v. *State,* 84 Ark. 199. In that case it was said that it would be necessarily inferred that the purpose of the prosecution in making exhibition of the child was to allow the jury to observe whether or not the child bore any resemblance to the putative father.

In the case of *Adams* v. *State,* 93 Ark. 260, which was a prosecution for seduction, it was held by this court that the child could be exhibited in the trial for the same purpose. In the case of *State* v. *Danforth,* 73 N. H. 215, there was a prosecution for "rape upon a woman child under the age of 16 years," which is a crime similar to that with which the defendant is charged in the case at bar. In that case the prosecution was permitted to exhibit the child to the jury and to argue from a peculiarity of features common to both and from a general resemblance between them that the defendant was the father of the child. And in that case it was said that the objection urged to such testimony was rather to its weight than to its competency.

There is no little conflict in the authorities as to whether or not it is competent to introduce testimony relative to the resemblance between the child and defendant in cases of bastardy, seduction, carnal abuse and the like, but the weight of authority seems to be in favor of holding that it is permissible to make exhibition of the child to the jury and to introduce testimony as to such resemblance. The purpose in all these cases is the same; that is, to show the paternity of the child. See note to *State* v. *Harvey,* 52 L. R. A. 500.

But it has been uniformly held that it is competent to prove the date of the birth of the child, in order to show that it might have been begotten at or about the date of the offense charged, and that the child may be exhibited to corroborate such evidence.

There are other assignments of error set out in the motion for a new trial, but these have not been urged upon this appeal. We have examined each of these, but we do not find that any prejudicial error was committed in the trial of the case.

The judgment is accordingly affirmed.