## Hays *v*. State.

### Opinion delivered June 4, 1917.

1.   HOMICIDE—SUFFICIENCY OF THE EVIDENCE.—Evidence *held* sufficient to warrant a verdict of guilty of voluntary manslaughter.
2.   APPEAL AND ERROR—FAILURE TO ASK CORRECT INSTRUCTION.—The appellant can not complain of the failure of the court to give an instruction on a certain issue, when he neglected to ask for an instruction upon it.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*Jas. R. Yerger* and *N. B. Scott,* for appellant.

1.   The verdict is contrary to the evidence.   The evidence shows that defendant struck because of the open knife in the hands of Bradley, a knife with a two and one-half inch blade, and to prevent him from cutting his father.

2.   It was error to instruct the jury on murder and

voluntary manslaughter, as there was no evidence as to either crime.

3. It was error to refuse the instruction defining the right of defendant to defend his father.

4. The entire evidence shows no guilt.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence is conflicting and the verdict should not be disturbed where there is any substantial evidence to support it. 104 Ark. 162; 100 *Id.* 330; 103 *Id.* 4.

2. Where the trial court has erroneously instructed upon the higher degrees of crimes, such errors are harmless where the defendant is only convicted of the lesser degree. 59 Ark. 431; 74 *Id.* 431; 37 *Id.* 238; 22 *Id.* 251.

3. No instruction was requested by defendant on his right to defend his father. 95 Ark. 409; 60 *Id.* 613; 47 *Id.* 196; 45 *Id.* 539; 2 *Id.* 133.

HART, J. Eugene Hays was indicted for the crime of murder in the first degree and was convicted of involuntary manslaughter, his punishment being fixed by the jury at one year in the State penitentiary. He has appealed to this court.

According to the testimony of J. B. Maxey, a witness for the State, Eugene Hays killed Levy Bradley at night at a church house in Chicot county, Arkansas, some time in the fall of 1916. George Hays, the father of Eugene Hays, and Levy Bradley had some words about whether the church should be used by a singing class or for a protracted meeting. Finally Bradley told George Hays about something that had happened in the town and he said it was a lie. George Hays walked out in front of Bradley and told him that if he did not like what he had said to get up and get on him. Bradley said: "Nobody is scared." Bradley then started to get up and Eugene Hays picked up a stick of wood and struck him. The blow rendered Bradley unconscious and he

died about two o'clock that night. Bradley did not strike at Eugene Hays. When Moxey first went over to where the parties were, Bradley was whittling a pencil with a little tin knife. The knife had two blades, a small one and a large one. The small blade was open and was about two and one-half or three inches long. He had both the knife and the pencil in his left hand alongside of each other when Eugene struck him with the stick of wood. Another witness for the State testified that he took the little tin-handled knife and pencil out of Bradley's left hand while he was lying on the ground unconscious. It was also shown that Bradley was a right-handed man.

Eugene Hays testified that he suggested to Bradley to adjourn his choir to some private house so that the church might be used for the protracted meeting; that Bradley became angry at the suggestion and advanced on him with a drawn knife; that he picked up a stick of wood and struck Bradley in order to keep from being cut by Bradley. He stated that he did not intend to kill Bradley at all. His testimony was corroborated by that of another witness who has present. Still another witness testified that he thought the knife was found in Bradley's right hand. The question of the credibility of the witnesses was for the jury and the testimony of the State was legally sufficient to warrant the verdict.

(1) Counsel for the defendant next contend that the judgment should be reversed on account of the court instructing the jury on murder and voluntary manslaughter. They insist that there was no evidence upon which to base these instructions. The evidence for the State was sufficient to warrant the jury in finding the defendant guilty of voluntary manslaughter. Moreover, it is well settled in this State that this court will only reverse for errors prejudicial to the rights of the party appealing. The defendant was only convicted of involuntary manslaughter and it is manifest that the instruction on the higher degree of homicide did him no harm. *Kilgore* v. *State,* 73 Ark. 280; *Thomas* v. *State,* 74 Ark.

431; *Easley* v. *State,* 109 Ark. 130; *Tolliver* v. *State,* 113 Ark. 142.

(2) It is also insisted the judgment should be reversed because the court did not give an instruction to the jury defining the right of the defendant to defend his father. In the first place, it may be said there was no testimony upon which to base such an instruction. The defendant and his witnesses testified that Bradley was advancing upon him with a drawn knife and that he struck him to defend himself and not his father. Even if the testimony had warranted such an instruction, it was the duty of the defendant to have asked for an instruction on that point and not having done so, he can not complain on appeal that the court refused to give it. *Holt* v. *State,* 47 Ark. 196; *Mabry* v. *State,* 80 Ark. 345; *Hobbs* v. *State,* 86 Ark. 360; *Bradshaw* v. *State,* 95 Ark. 409.

It follows that the judgment will be affirmed.