FOWLER *v.* STATE.

Opinion delivered September 24, 1917.

1. APPEAL AND ERROR—REFUSAL TO ADMIT TESTIMONY—PRACTICE.— Where a party wishes to save an exception to the ruling of the trial court refusing the admission of certain testimony, it is his duty to state to the court the substance of the evidence offered at the time it is offered.

2. HOMICIDE—CHARACTER OF DECEASED.—In a prosecution for homicide the violent and turbulent character of the deceased can not be shown by proof of particular acts of violence.

3. HOMICIDE—SELF-DEFENSE—OPINION OF DEFENDANT.—The statement of the defendant, that at the time he shot deceased, that he had reasonable grounds for apprehending great bodily harm at the hands of deceased, is inadmissible.

4. HOMICIDE—SPECIFIC CONDUCT OF DECEASED.—In a prosecution for homicide, evidence of specific instances of violence on the part of deceased are inadmissible as tending to establish his dangerous character.

5. EVIDENCE—REPETITION.—It is not error to refuse to permit a witness to be re-examined on a point already covered by his testimony.

6. APPEAL AND ERROR—NEW TRIAL—DILIGENCE.—A new trial will not be granted for newly discovered evidence, where the appellant does not show diligence in the discovery of the same.

7. APPEAL AND ERROR—INSTRUCTION—SINGLING OUT PARTICULAR EVIDENCE.—It is not error to refuse an instruction which singles out a particular class of testimony in the case, and directs the jury to consider it in connection with the other facts.

Appeal from Prairie Circuit Court, Southern District; *Thomas C. Trimble,* Judge; affirmed.

*C. B. & Cooper Thweatt,* for appellant.

1. The court erred in excluding the evidence of J. Umsted. 103 Ark. 27; 108 *Id.* 129. Also the evidence of L. Hall. 72 Ark. 432. It was also error to exclude evidence of deceased's reputation. Also in excluding defendant's evidence and that of O. P. Nall.

2. It was error to refuse defendant's requests for instructions and because of newly discovered evidence a new trial should have been granted.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence of J. Umsted was properly excluded. The threat was too remote. 52 Ark. 303.

2. There was no error in excluding the testimony of L. Hall. 38 Ark. 498; 88 *Id.* 562; 73 *Id.* 410; 1 Thompson on Trials, § § 703-4.

3. No exceptions were saved to the exclusion of evidence as to deceased's reputation. 77 Ark. 418; 70 *Id.* 337; 75 *Id.* 181; 63 *Id.* 443.

4. O. P. Nall's testimony was properly excluded. 88 Ark. 562. Reputation can not be proven by isolated acts of misconduct. 100 Ark. 561; 38 *Id.* 498; 67 *Id.* 117; 100 Ark. 651.

5. There is no error in the instructions. 101 Ark. 569; 72 *Id.* 384; 74 *Id.* 33; 73 *Id.* 183; 95 *Id.* 48; 103 *Id.* 21; 105 *Id.* 467; 75 *Id.* 76.

6. The new trial was properly refused. No abuse of discretion is shown. 96 Ark. 400; 95 *Id.* 321; 97 *Id.* 92. The newly discovered evidence was cumulative merely. 91 Ark. 492; 97 *Id.* 92; 99 *Id.* 407; 17 *Id.* 404; 2 *Id.* 133; 5 *Id.* 256. Nor was due diligence shown. 104 Ark. 212; 85 *Id.* 179; 99 *Id.* 121.

HUMPHREYS, J. Appellant was convicted of manslaughter in the Southern District of Prairie County for killing Munny Snow, and has appealed the case to this court. The indictment was for murder in the second degree. The evidence of the State tends to show that on the evening of April 29, 1916, appellant entered the drug store of Elijah Odom, his brother-in-law, situated in the town of Biscoe, and killed Munny Snow by shooting him seven times with a rapid-firing automatic pistol. Two of the shots, presumably the first two, entered his back; one entered his side, the others entered various parts of his body from the front. Snow was not armed, and, according to the State's witnesses, said nothing to nor made any demonstration toward appellant. The evidence on the part of appellant disclosed that Snow had severely abused and threatened to kill him a few days before the tragedy occurred; and tended to show that as appellant entered the store, Snow renewed the abuse, and with his left hand upraised and right hand to his pocket, advanced upon appellant before appellant began to fire.

Appellant insists upon seven assignments of error for reversal. Five of them relate to the exclusion of evidence by the court.

It is sought to establish by J. Umsted that Munny Snow had stated to him several months before the killing that appellant should never serve as postmaster, because

he had beat him out of three hundred dollars; also that Snow had changed his family physician from Fowler to another. In answer to a question by the court as to when the statement was made, Umsted said, "It was made year before last." The threat, if threat at all, was both ambiguous and remote. The court properly excluded the testimony. *Billings* v. *State,* 52 Ark. 303.

(1) During the examination of L. Hall, attorney for plaintiff asked witness if he made a statement to the appellant about deceased carrying a pistol. Objection by the State to the question was sustained by the court, and appellant was granted permission to state to the stenographer what he desired to prove, in order that it might be incorporated in the record. Appellant failed to state what he expected to prove by the witness. The evidence was afterwards reduced to affidavit form and filed in support of a motion for new trial. The substance of the evidence offered should have been stated to the court at the time offered, in order that the court might pass upon its competency. 1 Thompson on Trials, § § 703-4; *Meisenheimer* v. *State,* 73 Ark. 407; *Boland* v. *Stanley,* 88 Ark. 562.

(2) An attempt was made to prove that Munny Snow had killed several men and committed various turbulent acts. This evidence was clearly inadmissible under the rule laid down in *Campbell* v. *State,* 38 Ark. 498, and *Coulter* v. *State,* 100 Ark. 561, to the effect that in prosecutions for homicide the violent and turbulent character of deceased can not be shown by proof of particular acts of violence. But it is insisted that the court erred in refusing to permit appellant to prove that Munny Snow was *very dangerous;* that he would kill on slight provocation. The record discloses that witness O. P. Nall was permitted to testify that Munny Snow was considered a *very dangerous* man; and that his reputation for peace and quietude in the community was *very bad.* The testimony admitted seems to fulfill every requirement of the law.

In the course of the examination of O. P. Nall, appellant asked him the question, "Did you cite to him any instances of the acts of Munny Snow?" The question was excluded by the court. The exception to this ruling can not be urged here for reversal, because it was appellant's further duty, in order to save the exception, to state to the trial court what he expected to prove by the witness. This he failed to do. The evidence expected to be established by this witness was set out in affidavit form in the motion for new trial, and we think the court properly excluded that part of the evidence relating to the statements of particular instances of violence.

(3-4)   It is insisted that the court erred in refusing to permit appellant to state whether he had reasonable grounds to believe that Munny Snow would carry out threats he had made to kill him. It is true the good faith of appellant was an issue in the case. It was all-important to determine whether appellant had reasonable grounds to fear violence and to believe Snow was about to shoot him when he killed Snow; and this was a question to be determined by the jury from all the facts and circumstances' leading up to and involved in the killing. Appellant's abstract statement that at the time of firing the fatal shots he had reasonable grounds for apprehending great bodily harm at the hands of deceased might have been an opinion or conclusion based wholly on unreasonable grounds. Such a ruling would invite every defendant to hold such opinions and to draw such conclusions. Neither did the trial court commit error in declining to permit appellant to relate specific instances of violence within his own knowledge or which had been communicated to him tending to establish the dangerous character of deceased, nor was error committed in refusing to permit appellant to testify to specific acts of violence related to appellant by deceased several years before the killing. This court said in *Coulter* v. *State, supra,* that "it is. not competent to prove that the decedent said he had been sentenced to the penitentiary or that he was a desperate 'nigger.' "

Appellant gave testimony to the effect that A. E. Walker informed him that Munny Snow was unfriendly to him. He was then asked what Walker told him and the question was excluded by the court. It is insisted that the court erred in this regard. The information given by Walker was not disclosed to the trial court, therefore it is not before this court for consideration.

(5) Appellant testified fully and particularly on direct examination as to his whereabouts and movements on the afternoon prior to the killing in the evening. He stated positively that he was inside the postoffice building from 3 o'clock in the afternoon until about 7 o'clock in the evening; and just as positive that he did not follow Snow to Odom's store or know Snow was there when he went to the store to buy mucilage. After witnesses in rebuttal for the State testified that he was on the front porch of the postoffice building and had seen Snow go to the store and in a short time followed him there, appellant sought to deny the testimony of these witnesses. It is insisted that the court committed error in excluding his testimony. The question propounded involved appellant's whereabouts and movements at a particular time already fully and positively covered in his direct testimony. It was not error to exclude a mere repetition of testimony.

(6) Appellant sought a new trial on account of alleged newly discovered evidence in corroboration of his own testimony touching the necessity for killing Munny Snow in order to protect his life. The witnesses claimed they were present, in conversation with Munny Snow, when the difficulty began. If this is true, there is no reason why appellant could not have seen them at the time. No other person was standing near him. While the witnesses claim to have left the town immediately after the tragedy for their home in Woodruff County, they returned and were living near Biscoe four months prior to the trial. No diligence in securing them as witnesses is shown. No satisfactory explanation was made by appellant as to why he did not discover their presence on the scene of the difficulty. He certainly had the opportunity

to know they were there.  Having such opportunity, it was his duty to take steps to procure them as witnesses before the trial.

(7)  It is insisted that prejudicial error was committed in refusing to give the sixth, seventh and eighth instructions requested by appellant.  Appellant's sixth request is embodied in substance in the instructions given by the court.  The seventh and eighth requests single out and emphasize the previous good character of appellant as evidence to create a reasonable doubt.  This court has held in a number of cases that it is not error to refuse an instruction which singles out a particular class of testimony in the case and directs the jury to consider it in connection with the other facts.  *Jenkins* v. *Quick,* 105 Ark. 467, and cases cited therein.

No error appearing in the record, the judgment is affirmed.