## BIDDLE *v.* STATE.

### Opinion delivered December 10, 1917.

1. EVIDENCE—CRIMINAL CASE—PROOF OF BAD CHARACTER OF DECEASED.
   —In a prosecution for homicide, the general reputation of de-
   ceased only, for peace and quiet, may be proved; but such reputa-
   tion can not be proved by isolated circumstances.

2. CRIMINAL LAW—PROOF THAT ACCUSED WAS ARMED.—In a prosecu-
   tion for homicide the jury may consider the fact that accused
   was unlawfully carrying a weapon, in determining whether he
   used it in his necessary self-defense.

3. CRIMINAL LAW—REASONABLE DOUBT—RIGHT OF JURY TO TAKE.
   COUNSEL TOGETHER.—The accused, in a criminal prosecution, is
   protected by the benefit of a reasonable doubt, until it is re-
   moved from the mind of the jury by evidence of his guilt; in
   arriving at their verdict, it is proper for the jury to take coun-
   sel together, and not for each juror to rely upon his own individ-
   ual opinion, irrespective of the opinion and counsel of the other
   jurors.

4. HOMICIDE—SELF-DEFENSE—MISTAKEN BELIEF OF DANGER.—In a prosecution for homicide, where defendant fired the fatal shot under the belief that it was necessary in order to protect himself from great harm, and if he fired for that purpose, he should be acquitted, although the jury believe accused was mistaken in his conclusion as to the danger to himself.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; affirmed.

*Joe Joiner* and *A. S. Kilgore,* for appellant.

1. Instructions Nos. 9, 5 and 6 should have been given in full as asked. They correctly state the law. 109 Ark. 478; 3 Tenn. 110; 25 Fla. 517; 172 S. W. 1010; 93 *Id.* 409; 92 *Id.* 205; 59 *Id.* 132.

2. Sam Peniger should have been permitted to testify as to character of deceased. 26 Cent. Digest, 507-510.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Instruction No. 9 was properly refused. 13 R. C. L., p. 913, § 217; 72 Vt. 381; 122 Ill. 1; 36 Miss. 531; 73 S. C. 277; 43 Tex. Cr. 328; Const., art. 7, § 23.

2. The court properly modified the fifth instruction. 117 Ala. 59-66; 105 *Id.* 8; 115 *Id.* 42; 131 Cal. 240; 63 Oh. St. 173; 72 Minn. 296; 67 Ia. 475; 157 Ill. 153; 134 Mo. 109.

3. Instruction 6, asked, is not the law, and the court properly refused the first, fourth and fifth paragraphs thereof. 67 Ark. 594; 75 *Id.* 350; 69 *Id.* 648.

4. Sam Peniger's testimony was not admissible to prove deceased's character. Violent and turbulent disposition can not be proven by an isolated circumstance. It can be proved only by general reputation. 130 Ark. 365; 38 Ark. 498; 67 *Id.* 117.

SMITH, J. Appellant seeks by this appeal to reverse the judgment of the court below, sentencing him to a term of six years in the penitentiary upon a conviction before the jury, of murder in the second degree.

The crime was alleged to have been committed by shooting Luther Peniger with a gun, and the defense interposed was that of self-defense.

At the trial appellant offered to show by Sam Peniger, a brother of the deceased, that he (Sam Peniger) had said to his brother, a short time before the killing, that if he (the deceased) did not mend his way and stop getting into so much trouble, he would die with his shoes on. The court refused to permit the introduction of this evidence and exceptions were duly saved.

Exceptions were saved to the refusal of the court to give an instruction numbered 9, which reads as follows:

"9. You are instructed that the defendant had a right to use a weapon which he carried unlawfully in his necessary self-defense, and the fact that he carried a weapon unlawfully, standing alone, should not be considered as any evidence of his guilt on the trial of this case, but you are the sole judges as to whether he used an unlawful weapon, as well as to whether he used it in his necessary self-defense."

An instruction numbered 5 was asked by appellant, which told the jury, among other things, that "so long as a reasonable doubt of his guilt remains in your minds you can not convict the defendant. He is protected by the benefit of a reasonable doubt until it is removed from the mind of each juror by evidence which convinces each juror of his guilt to a moral certainty." The court struck out the words "each juror," and inserted the words, "the jury" in both places where those words occur, and exceptions were duly saved to this action.

The court was asked by appellant to give an instruction in which the jury was told that, in determining whether or not appellant acted in his necessary self-defense, "in so far as possible you are to place yourself in the position and under the circumstances surrounding the defendant at the time of the shooting, acting without carelessness on his part, as those circumstances and his position have been disclosed by the evidence, viewing it from the standpoint of the defendant at the time, as you believe from the evidence it appeared to him, you will ask: (1) Did it appear at the time he fired the fatal shot that he was in danger of losing his life or of receiving great bod-

ily harm at the hands of the deceased? (2) If it did so appear, did the defendant reach the conclusion that he was in danger of losing his life or of receiving great bodily harm at the hands of the deceased after the exercise of such caution and prudence in judging the appearance and circumstances by which he was surrounded as it appeared to him to be reasonably consistent with his safety?"

We will discuss the assignments of error in the order in which they are stated.

(1) The excluded testimony of Sam Peniger was incompetent. It was, of course, competent to prove that the deceased was a man of bad reputation for peace and quietude, if such was the case; but this reputation could not be shown by proving isolated circumstances. Such testimony is confined to proof of general reputation. *Fowler* v. *State,* 130 Ark. 365; *Campbell* v. *State,* 38 Ark. 498; *Hardgraves* v. *State,* 88 Ark. 262.

(2) Instruction numbered 9 was properly refused. It is true we said, in the case of *Moore* v. *State,* 109 Ark. 478, that a person is not to be deprived of his right to use a weapon in his necessary self-defense because he is carrying it unlawfully. But it is an entirely different matter to say that the jury may not consider that fact as any evidence in determining whether the person who so carried it used it in his necessary self-defense. The deceased was unarmed, and the testimony was sharply conflicting as to the circumstances of the killing, and we can not say that the jury should have disregarded entirely the fact that one of the participants was armed. Such a charge would have been upon the weight of the evidence.

(3) The court properly amended instruction numbered 5. It is the duty of the jury to take counsel together. Each juror must necessarily reach his own conclusion about the merits of the case he is trying; but, in doing so, it is proper for him to take into account the fact that other jurors are supposed to be as impartial and as disinterested as he, himself, is; that they have heard the very evidence upon which he is required to base his con-

clusion. The whole policy of the law, in having more than one juror, would be defeated if they were not to take counsel together and be influenced by the views of their fellows. While the law does require a unanimous verdict, it is contemplated that this verdict will be arrived at by a comparison of views and an interchange of opinions on the part of the jurors, and that juror would be an obstructor of the processes of the law who refused to yield his opinion when shown by his fellows that it was not well founded, simply because it was the opinion he had reached before conferring with them. A similar instruction was reviewed by the Supreme Court of Alabama in the case of *Cunningham* v. *State,* 117 Ala. 59, 66, and it was there said:

"Aside from the inartificial manner in which the charge is drawn, it is vicious in that it is calculated to impress the mind of a juror with the idea that his verdict must be reached and adhered to without the aid of that consideration and deliberation with his fellow-jurors which the law intends shall take place in the jury room."

The Supreme Court of Ohio, in the case of *Davis* v. *State,* 63 Oh. St. 173, said: "The proper charge to a jury in a criminal case is, that the jury, and not that each juror, should be convinced, beyond a reasonable doubt, of the guilt of the accused before finding him guilty."

(4) It will be observed that instruction numbered 6 deals with the question of the appearance of danger, the law of which subject has been discussed in numerous decisions of this court, a late case being that of *Holland* v. *State,* 126 Ark. 332. No error would have been committed had the entire instruction been refused, because, as was said in the case last cited, no attempt was made to show that the accused was not a "reasonable person," and instructions numbered 7 and 8, given at appellant's request, declared the law on this subject in language chosen by himself, and which was as favorable to him as he had any right to ask, the instructions being to the effect that the jury must base its findings upon what they believed, from the evidence, the defendant actually

thought of the circumstances and appearances by which he was surrounded at the time; and that if he honestly, and without fault or carelessness, believed he was in danger of losing his life or of receiving great bodily harm at the hands of the deceased, and that it was necessary to shoot the deceased in order to prevent such harm to himself, and that he fired the fatal shot for this purpose, that the accused must be acquitted, although the jury may now believe from the evidence that the accused was mistaken in his conclusions as to the danger to himself and that in fact there was no danger threatening him, and no necessity for shooting the deceased. We do not quote these instructions in full, as they are somewhat lengthy, and amplify the declarations of law stated, and as they fully declared the law of that subject, no error was committed in refusing to give in its entirety another instruction upon the same subject.

Finding no prejudicial error, the judgment is affirmed.