POWELL *v.* STATE.

Opinion delivered June 20, 1921.

1. CRIMINAL LAW—HARMLESS ERROR.—If it was error for the presiding judge to testify in a criminal case, such error was harmless where his testimony related to a circumstance about which there was no dispute.

2. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTION.—The jury in a criminal case are not bound to accept as true all of the testimony of the State nor of the defendant, but may find the truth to be partly on one side and partly on another.

3. CRIMINAL LAW—HARMLESS ERROR.—It was not prejudicial error to refuse to charge the jury that defendant was not guilty of rape where the jury found him guilty of carnal abuse.

4. RAPE—CONVICTION OF CARNAL ABUSE UNDER INDICTMENT FOR RAPE.—Under an indictment for rape of a female under sixteen years of age, a conviction of carnal abuse may be had.

5. CRIMINAL LAW—ORDER OF EXAMINATION OF WITNESS.—It was within the trial court's discretion to permit the State to recall a witness for further examination after the State had closed its case.

6. RAPE—PROFERT OF INFANT.—It was not error to permit the prosecutrix in a rape case to produce the child alleged to be the result of the intercourse with defendant where the age of the child was an important circumstance, and its appearance would have a probative value in determining that question.

7. CRIMINAL LAW—EVIDENCE—COMPETENCY.—It was not error to permit the prosecuting attorney, on cross-examination of defendant, to ask him whether he had not illegally cohabited with his first wife before he married her, where the court limited the competency of such testimony to the defendant's credibility.

8. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—Where it was the theory of the State that the child of the prosecutrix was begotten as the result of her illicit intercourse with defendant, it was not error for the prosecuting attorney to refer to the baby as the defendant's.

Appeal from Crittenden Circuit Court, Second Division; *R. E. L. Johnson,* Judge; affirmed.

STATEMENT OF FACTS.

Appellant was indicted at the February, 1921, term of the Crittenden Circuit Court for the crime of rape, alleged to have been committed by forcibly and carnally knowing one Myrtle Johnson, a female under the age of sixteen. The presiding judge was subpoenaed as a witness for appellant, and on March 3, the day of trial, appellant filed a motion to disqualify the judge on that account. The court overruled the motion, and, in doing so, stated that he had previously advised counsel for appellant that T. W. Davis, a former prosecuting attorney, knew every fact in the case known to the judge, and that the said Davis was at the time a resident of an adjoining county. Thereupon a motion for a continuance was filed in order that the attendance of Davis might be had.

The motion for continuance was overruled, and, after the conclusion of the State's testimony, counsel for appellant examined the presiding judge as a witness in the case, after duly saving exceptions to the action of the court in refusing to vacate the bench.

At the conclusion of all the testimony in the case appellant prayed an instruction directing the jury to return a verdict of not guilty, and, when that prayer had been refused, asked another instruction directing the jury to find him not guilty of the crime of rape. This instruction was also refused, and exceptions saved.

Other assignments of error relate to the admission of testimony and the argument of the prosecuting attorney: but it is finally, and most earnestly, insisted that the testimony does not support the verdict, in which appellant was found guilty and his punishment fixed at twenty-one years in the penitentiary.

Appellant is the stepfather of Myrtle Johnson, who lived with him as a member of his family at the time of the alleged acts of sexual intercourse. At the trial she exhibited her baby which she said was the son of appel-

lant Tom Powell. She did not say when the baby was
born, but she did testify that "they say it is two years
old now, going on three." This witness was very ignor-
ant. She testified that she was fifteen years old in Sep-
tember before the trial, that she had never gone to school,
and had never kept company with boys. She further tes-
tified that no one had ever had sexual intercourse with
her except appellant. That on an occasion about three
years before the trial appellant gave a dance, at which
time he had a keg of beer with which he regaled his
guests. That, early in the next morning after the dance
appellant came to the bed in which she was sleeping with
appellant's little girl, that she did not consent and told
him not to do it, and she called for her mother, but her
mother did not answer, and appellant proceeded to ac-
complish his purpose.

Myrtle Johnson's statement that the act of inter-
course had occurred about three years before the trial
would roughly or approximately correspond with a pos-
sible date of conception. In the cross-examination of this
witness she was indefinite and uncertain about the time
of the intercourse, except that she said it occurred the
morning following the Fourth of July.

Appellant denied his guilt and testified that he had
never given but one dance on the Fourth of July, and
had not given a dance since that date, and that the Fourth
of July dance was given in the year 1914. Appellant and
witnesses who attended this dance stated that they were
sure of the year, because it was the year in which the
World War began. Myrtle Johnson further testified that
she became unwell for the first time the night after ap-
pellant first carnally knew her, and that he repeated the
act a few days later.

The trial judge testified in the case, and in response
to questions by appellant's counsel, stated that at the
preceding term of the court the grand jury had under
investigation the question of Myrtle Johnson's ruin, and
that the grand jury came into open court with her and

reported to the court that the said Myrtle Johnson had refused to disclose the name of the father of her child, but, on the contrary, had testified that no one had ever had sexual intercourse with her.

Other facts will be stated in the opinion.

*Hugh Haden* and *Berry & Wheeler,* for appellant.

1.   The State failed to prove that the offense occurred within three years, beyond a doubt. 110 Ark. 170; 135 *Id.* 224. It was the affirmative duty of the State to show this, and the burden was not met.

2.   There is no legal evidence to support the verdict. Well known facts concerning the phenomena of life need not be proved. Courts take judicial notice of the ordinary period of gestation. 23 C. J. 146, §1969.

3.   The presiding judge was disqualified; he can not be both judge and witness. Greenleaf on Ev. (16 ed.) 395; Jones on Evidence Civil Cases 95-8; Wigmore on Ed. 25, 26; Chamberlayn on Ev. 745; 44 Cyc., p. 2234; 17 Am. & E. Enc. Law & Proc., p. 724-5; 144 Pac. 725; 87 S. E. 1005; 178 N. W. 883; 59 N. Y. 374; 44 Pac. 117; 55 Atl. Rep. 644.

4.   It was an abuse of discretion by the trial court to refuse a continuance.

5.   The opening remarks of the State's attorney were prejudicial and reversible error.

*J. S. Utley,* Attorney General, and *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1.   The evidence fully sustains a conviction for rape or carnal abuse. 103 Ark. 119; 76 *Id.* 267. Conceding for argument that the evidence is not sufficient to show the crime of rape, if there was error it was not prejudicial. 73 Ark. 280; 69 *Id.* 76.

2.   The evidence sustains the verdict.

3.   There was no error in the judge testifying as a witness; no objections were made by defendant. 60 Ark. 76; but, if error, it was invited error, as appellant requested him to do so. 5 Ark. 41; 33 *Id.* 180; 115 *Id.* 392.

4. It was not error to allow the recall of the prosecuting witness after the State had closed to exhibit the child to the jury. 28 Ark. 531; 96 *Id.* 552.

5. There was no error in the ruling of the court in the admission of testimony. 114 Ark. 239; 91 *Id.* 555.

6. There is no error in the instructions, and on the whole case the judgment is correct. Defendant had a fair and impartial trial, and there is no reversible error.

SMITH, J., (after stating the facts). Counsel for appellant cite a number of authorities to the effect that the trial court cannot serve both as a witness and the court in the same trial. In the instant case the trial court might well have refused to testify, for the incident about which the judge was interrogated occurred in open court at the preceding term, and in the presence of the entire grand jury and many witnesses, including, it seems, counsel for appellant. What we have said about the judge is equally applicable to the former prosecuting attorney. The proof of the statements of Myrtle Johnson about the paternity of her child could have been made by numerous witnesses; but there was no necessity for making this proof by the judge or any other witness, for the reason that Myrtle Johnson, at the trial, admitted making the false statements before the grand jury. The circumstances about which appellant desired to examine the judge and the former prosecuting attorney stood as an admitted, undisputed fact at the trial. The witness herself admitted, at the trial from which this appeal comes, that she had sworn falsely before the grand jury; but we cannot, on that ground, say her testimony at the trial should be discarded. She made the explanation that appellant had threatened to whip her with his razor strop if she told the grand jury about him.

Neither can we say that the testimony of Myrtle Johnson as to the time and place and circumstance of the acts of sexual intercourse cannot be credited by the jury. The jury was told that there could be no conviction unless they were convinced beyond a reasonable doubt that appellant had had intercourse with Myrtle

Johnson within three years of the finding of the indictment. Testimony on appellant's behalf appears to show that the only dance given by him on July 4 occurred in the year 1914. But we do not stop to reconcile the contradictions in the testimony of the witnesses. In July, 1914, Myrtle Johnson was only nine years old. Her own age, as well as that of her baby, make it certain that the baby was not begotten at that time.

This court, in the case of *Cooper v. State,* 86 Ark. 30—which was a seduction case—said that the jury was not bound to accept as true all of the testimony of the State, nor of the defendant, but might find the truth to be partly on one side and partly on another. So, the jury here may have accepted portions of the testimony, and rejected other portions. Myrtle Johnson testified that appellant was the father of her child, and that the intercourse occurred in July about three years before the trial. This testimony is legally sufficient to support the verdict, and we need make no further recital of the contradictions which appear in the testimony. *Oakes v. State,* 135 Ark. 221; *Moore v. Thomas,* 132 Ark. 97; *Rose v. State,* 122 Ark. 509.

No error was committed by the court in refusing to charge the jury that appellant was not guilty of the crime of rape, for if it be conceded that the testimony was not legally sufficient to support a conviction of that charge, it may be said that he was not convicted upon that charge. The jury acquitted him of the crime of rape, and no error resulted, therefore, in submitting that question to the jury. *Easley v. State,* 109 Ark. 130; *Kilgore v. State,* 73 Ark. 280; *Rogers v. State,* 60 Ark. 76; *Baine v. State,* 132 Ark. 416; *Hays v. State,* 129 Ark. 324; *Tolliver v. State,* 113 Ark. 142.

The indictment in the case charged appellant with the commission of the crime of rape, and that of carnal abuse as well. It was permissible thus to indict him. *Peters v. State,* 103 Ark. 119; *Henson v. State,* 76 Ark. 267; *Rose v. State,* 122 Ark. 509. He was acquitted of the first charge, and was convicted upon the second, on testi-

mony which we have said was legally sufficient to sustain the conviction. No prejudice resulted, therefore, in thus submitting the case to the jury.

Complaint is made of the action of the court in permitting Myrtle Johnson to be recalled for further examination after the State had closed its case. The order of procedure rests largely in the discretion of the trial court, and the action complained of does not appear to constitute an abuse of that discretion.

The child was exhibited to the jury. But this was not error. *Cook* v. *State*, 96 Ark. 552. The age of the child in this case was a highly important circumstance, and its appearance would have probative value in determining that question.

The court permitted the prosecuting attorney, in the cross-examination of appellant, to ask him if he had not illegally cohabited with his first wife before he married her, and appellant answered that he had. In admitting this testimony the court told the jury that the testimony could not be considered upon the question of guilt or innocence of the accused, and expressly limited it to the credibility of the witness. As thus limited, the testimony was competent. *Hunt* v. *State*, 114 Ark. 239; *Ware* v. *State*, 91 Ark. 555.

It is insisted that reversible error was committed when the court permitted the prosecuting attorney to refer to the baby as "Little Tom Powell." This was not error. There was a baby, and the theory of the prosecution was that it had been begotten as a result of the illicit intercourse with which appellant stood charged, and the prosecuting attorney was within the bounds of legitimate argument in referring to the baby as the child of appellant. No error appearing, the judgment is affirmed.