BODNER *v.* STATE.

Opinion delivered May 28, 1928.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Sebastian County, Greenwood District, for receiving stolen property, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor.

Appellant first assigns as reversible error the insufficiency of the evidence to support the verdict and judgment.

The evidence introduced by the State showed that the store of L. T. Byers at Alma, Arkansas, was burglarized the night before Thanksgiving, in 1926, and that clothing to the amount of $600 was taken; that three woolen dresses, a red sweater, a lumberjack and some other clothing, which was stolen out of the store at the time referred to, was at the home and in the possession of appellant, a part of which was being worn by him; that the articles found, as well as other property, were brought to the home of appellant nearly a year before his arrest, in cotton sacks, and first placed in a cottonhouse, and at a later date brought into the house, where the tags were taken off the clothing and burned, and that for a time the clothing was hidden under the floor; that subsequently a part of the property was removed by Frank Thomas and Joe Cook, who had brought same to the house. Although appellant stoutly denied being present when the tags were removed and burned and the clothing hidden under the floor, yet the jury believed the other witnesses, and their testimony is sufficient to support the verdict and judgment.

Appellant next assigns as reversible error the giving of instructions numbered 1, 2 and A. Instruction number 1 is as follows:

"If you find from the evidence in this case, beyond a reasonable doubt, that the defendant, Bart Bodner, in the Greenwood District of Sebastian County, and within three years next before the filing of this indictment, three woolen dresses, one leather coat and one sweater, of more than the value of $10, the property of L. T. Byers, lately before then unlawfully and feloniously stolen, taken and carried away, did then and there unlawfully and feloniously have and receive, with the intent to deprive the true owner thereof, he, the said Bart Bodner, then and there, well knowing that the said property had been so unlawfully and feloniously stolen;

taken and carried away, you should convict the defendant; otherwise you should acquit the defendant.''

It will be observed that the instruction required the jury to find, beyond a reasonable doubt, every essential fact necessary to a conviction upon a charge of receiving stolen property before returning a verdict of guilty, and to acquit appellant unless the charge had been established by proof beyond a reasonable doubt. The law applicable to the facts was correctly declared by the instruction.

It is unnecessary to set out instruction number 2 and determine whether it is a correct declaration of the law applicable to the facts, as no objection was made thereto or exceptions saved at the time it was given. It was too late to object and save an exception thereto after conviction.

It is also unnecessary to set out instruction number A and determine whether same is a correct declaration of the law applicable to the facts, as it was given at the request of appellant.

Appellant next assigns as reversible error the refusal of the court to give his requested instruction number 2. An examination of the instructions given reveals the fact that the requested instruction, in so far as same correctly declared the law, was fully covered by instructions numbered 1 and 3 given by the court at the request of appellant.

Appellant's fifth, sixth and seventh assignments of reversible error are as follows:

(5) That the court erred in modifying instruction No. 4, requested by defendant. (6) That the court erred in stating to the jury that, at the request of defendant, he had given instruction number 4, as modified, relating to the corroboration of an accomplice, and that he was withdrawing said instruction from their consideration. (7) That the court erred in substituting instruction No. A for instruction No. 4, as modified, previously given.''

Appellant is mistaken as to what the record discloses regarding his requested instruction No. 4, relating to the

necessity of corroboration of the evidence of an accomplice before there can be a conviction. There is nothing in the record to show that the court modified the instruction and gave it as modified, or that it was given and afterwards withdrawn, or that the court substituted appellant's requested instruction No. A for his requested instruction No. 4 after modifying same. What the record actually reflects is that the court refused to give appellant's requested instruction No. 4 because he gave his requested instruction No. A, which was a complete, full and correct instruction regarding the necessity for corroboration of the evidence of an accomplice before there can be a conviction upon his testimony. The court is not required to multiply instructions upon the same subject.

Appellant's last assignment of reversible error is that the court erred in refusing to instruct as to the effect of finding of the value of the property received by appellant, if any, being under the sum of $10. Appellant did not request an instruction upon that point, and is in no position to complain because one was not given. It was appellant's duty to have asked a correct instruction upon the question. *Hays* v. *State,* 129 Ark. 324, 196 S. W. 123.

No error appearing, the judgment is affirmed.