EDWARDS *v.* STATE.

4376                                      185 S. W. 2d 556

Opinion delivered February 26, 1945.

*Wade Kitchens,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McHANEY, J. Appellant was charged by information with the crime of murder in the first degree for the shooting and killing of E. D. Franklin on April 16, 1944. On a trial he was found guilty of voluntary manslaughter and sentenced to seven years in the penitentiary.

For a reversal of the judgment and sentence appellant first contends that the court erred in instructing the jury in instructions 1, 2, 3 and 4 as to murder in the first and second degrees and giving the statutory definitions of murder and malice. The only objection raised as to these instructions is that there was no evidence sufficient to justify an instruction on the law of murder, either in the first or second degree. We think there was, but whether there was or not, is unimportant since the jury acquitted him on the charge of murder and found him guilty of voluntary manslaughter only. In *Rogers* v. *State,* 60 Ark. 76, 29 S. W. 894, 31 L. R. A. 465, 46 Am. St. Rep. 154, it was held that, under an indictment for murder where the defendant is convicted of manslaughter, it is not prejudicial error for the court to instruct on the higher degrees of homicide. See, also, *Powell* v. *State,* 149 Ark. 311, 232 S. W. 429; *Roberts* v. *State,* 96 Ark. 58, 131 S. W. 60; *Witham* v. *State,* 149 Ark. 324, 232 S. W. 437.

It is next argued that the court erred in refusing to permit appellant to answer the following question asked him by his counsel: "Q. State whether or not, prior to this killing, Franklin, the deceased, grabbed a 2x4, about eight feet long, and tried to kill another colored man with it and chased him away from your place of business?"

The object of this question was to prove the turbulent
and violent character of the deceased by a specific act of
the deceased. The court sustained the State's objection
to the question, but offered to let him prove the de-
ceased's general reputation "and any differences be-
tween this man (appellant) and the deceased, not any
trouble between the deceased and a third party." There-
upon counsel stated as follows: "The defendant offers
to prove, and offers the following testimony of the de-
fendant, that the deceased, Franklin, in August of 1943,
in the place of business of the defendant, entered into a
fight with another negro and grabbed a 2x4, about six
to eight feet long, and undertook to hit the other Negro
with it and chased him away from the defendant's busi-
ness, about two blocks, and we offer that testimony to
show that the defendant had cause, from actual observa-
tion, to fear the deceased." An objection was sustained
and appellant excepted. There are two or more reasons
why the action of the court in excluding the offered tes-
timony was not error. One is that it runs afoul of the
general rule which excludes evidence of particular acts
of violence or turbulence and confines the evidence to the
general reputation of the deceased in the community in
which he lived for violence or turbulence. 26 Am. Jur.,
§ 347, p. 393. In the early case of *Campbell* v. *State*,
38 Ark. 498, it was held that the dangerous character of
the deceased "could not be shown by proof of isolated
facts or particular acts of violence. It was no part of
the *res gestae.*" See, also, *Fowler* v. *State*, 130 Ark. 365,
197 S. W. 568; *Biddle* v. *State*, 131 Ark. 537, 199 S. W.
913; *McKinney* v. *State*, 140 Ark. 529, 215 S. W. 723;
*Jett* v. *State*, 151 Ark. 439, 236 S. W. 621. In the last
cited case the court said: "It is not competent in such
cases to prove specific acts of violence or bad conduct."
Citing a number of cases. In the case of *Pope* v. *State*,
172 Ark. 61, 287 S. W. 747, proof was offered and ex-
cluded to show "that deceased had a dual reputation,
that among well-to-do persons and persons of influence
deceased was polite and obsequious, while his attitude
towards white people of the poorer class and towards
colored people was overbearing and offensive," and its

exclusion was assigned as error. On this the court said: "We think no error was committed in the ruling made. The court permitted the introduction of testimony tending to show the general reputation of the deceased, and it is this which may be shown. Many circumstances may, collectively, make up this reputation, but it is the sum total of them all, or the general reputation, which may be shown. It was not proper therefore to inquire into the details of the life of deceased having no relation to the encounter which caused his death, and the inquiry was therefore properly confined to the general reputation of the deceased."

So, the rule is well settled in this state that in homicide cases specific acts of violence and turbulence cannot be shown, unless perhaps they were committed against the accused, but not those committed against others, and such proof is limited to the general reputation of the deceased in the community in which he lived, and then only on a plea of self-defense.

Another reason for excluding the offered evidence quoted above is that it does not take into consideration or exclude the possibility of the fact that the "other Negro" may have been the aggressor on that occasion and that the deceased, Franklin, may have been acting within his right of self-defense in grabbing the 2x4 "and undertaking to hit the other Negro with it." No error was committed in excluding the offered testimony.

Another assignment alleges error of the court in permitting the State to elicit from appellant on cross-examination the fact that he had been convicted and paid a fine in Lafayette county on a liquor charge in 1924, but had not been convicted or paid a fine in Columbia county for having liquor in his possession. The court admitted this testimony on the theory that it went to his credibility as a witness and limited it to the jury's consideration for this purpose only. No error was committed in doing so. We have many times held that the accused may be questioned about previous convictions of crimes, since his admission thereof tends to impeach his credibility as a witness.

It is finally suggested, but not argued, that the evidence was insufficient to support the verdict. We do not set the testimony out, as to do so would unduly extend this opinion. Appellant shot and killed the deceased in a restaurant operated by appellant. Deceased was intoxicated and was cursing and raising a disturbance. In this respect it is quite similar to the recent case of *Bradshaw* v. *State*, 206 Ark. 635, 176 S. W. 2d 912, where we held the evidence sufficient. We have carefully read the evidence in this case and find it ample to support the verdict under the rule that it must be viewed by us in the light most favorable to the State.

Affirmed.